THE OLD TELEGRAPH MINING COMPANY, *Respondent,* v. THE CENTRAL SMELTING COMPANY, *Appellant.*

ACTION FOR INJUNCTIVE RELIEF ONLY.—In order to entitle a Plaintiff to maintain an action for injunctive relief only, his title to the property alleged to be trespassed upon must be clearly shown and be undisputed; or steps taken to establish the title by action at Law; or valid and satisfactory reasons must be shown for not so doing.

APPEAL from the Third District Court.

Action to enjoin the Defendant from threatened trespass upon a certain mining claim.

No other than injunctive relief was asked for in the complaint.

The other facts appear in the opinion of the Court.

*Robertson & McBride,* for Appellant.

*Bennett & Sutherland,* for Respondent.

BOREMAN, J., delivered the opinion of the Court :

Injunction relief is all that is prayed in this action. Pending the settlement of the question of perpetual injunction, a temporary one was granted. The Defendants filed an answer and moved the Court below to dissolve the temporary injunction, which motion was by the Court overruled, and thereupon the Defendants appeal to this Court.

In order to entitle the Plaintiff to the relief asked, where that relief is injunctive only, the title of the Plaintiff to the property said to be trespassed upon, must be clearly shown and be undisputed, or steps taken to establish the title by action at Law, or valid and satisfactory reasons be shown for not doing so.

In the case at Bar, the title is doubtful and disputed, and Defendants are in possession as appears from the Bill itself. It is not claimed that steps had been, or were then being taken, to establish the title, and no reason appears why this was not done. The gist of the whole matter seems to be that the Plaintiffs desire the Defendants enjoined from trespassing upon ground, the title to which is disputed by Defendants, and Defendants are in possession alike with the Plaintiffs. It is clear that no perpetual injunction could be granted in such a case, for by so doing the Court of Equity would become an engine of injustice instead of a shield and protection to legal rights. Where upon the face of the papers it appears that no perpetual injunction could ever be granted in the action, it would be the grossest wrong to allow a temporary one. If such were allowable, a temporary injunction might easily be sought and used to harass and annoy Defendants, and the trial of the ultimate rights of the parties as to the title be indefinitely postponed or delayed. The temporary injunction would work as an action of ejectment, and the Defendants deprived of

their rights in a manner unjust and without due process of Law, and without trial by jury. A Court of Equity cannot be used for such a purpose, and no amount of affidavits can help the claim for injunctive relief. A Court of Equity will not presume upon such affidavits to try the title, and to make a final disposition of the case the title has to be decided, and it is not the province of a Court of Equity to do that.

We, therefore, are of the Opinion that the District Court erred in granting the temporary injunction, and its action is reversed with costs, and the cause remanded with instructions to the District Court to dissolve the injunction.

Schaeffer, C. J., concurs.

Emerson, J., dissents from the doctrine announced by a majority of the Court.